951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Walter Wayne HOWARD, Defendant-Appellee.
 No. 90-30396.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1991.
Decided Dec. 12, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals the district court's order suppressing evidence obtained in violation of Howard's Fourth Amendment rights. We affirm.
 
 
 3
 * On June 12, 1989, at 11:15 p.m., a clerk at the San Rafael Motel called the Portland Police to request dispatch of Officer Vince Marchey because a man whom he had previously been looking for was then presently in the lobby. No description of the man was provided. The police dispatcher directed a specific patrol car to the motel to check on the man in the lobby, adding that it had something to do with a gun.
 
 
 4
 Officer Derrick Foxworth and his partner, in an unmarked police car approximately three blocks from the motel, decided to cover the call. Officer Foxworth testified that he had not heard the earlier call from the desk clerk, only the message from the dispatcher. As they neared the intersection where the motel was located, Foxworth saw Howard and a female companion, Angela Mowdy, coming from the area of the motel, approximately twenty to thirty feet away. He parked the car in the middle of the road and approached Howard. As the officers started to talk with Howard and Mowdy, two other people came from the direction of the motel lobby. One man had a briefcase and the other man had a hand in his pocket. Foxworth put his hand on the butt of his gun and told the person with his hand in his pocket to remove it very slowly. He then ordered them to come to Howard and Mowdy's location. He had all four persons kneel on the sidewalk with their hands in the air.
 
 
 5
 Because of the report of something to do with a gun, Foxworth told Howard that he wanted to pat him down for weapons. Howard responded that he had a gun and Foxworth recovered a .44 Magnum pistol from inside a holster Howard was wearing. Subsequently, Howard was indicted for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1) (1988).
 
 
 6
 Prior to trial, Howard filed a motion to suppress the pistol because Foxworth did not have founded suspicion pursuant to Terry v. Ohio, 392 U.S. 1 (1968) to make an investigative stop. The district court held a suppression hearing and granted Howard's motion. The district court found that a minute had elapsed after Foxworth heard the dispatcher's "man in the lobby" transmission, before Foxworth arrived at the intersection, saw Howard and Mowdy, and parked his vehicle. Further, there was nothing to indicate to the officer that Howard and Mowdy had been at the motel. Commenting on Foxworth's justification to stop Howard, the court ruled that the officer had to make the decision to stop Howard based on what he knew himself, that he did not have particularized suspicion concerning Howard, and therefore the stop was not justified. The evidence was suppressed.
 
 II
 
 7
 "An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988) (citation omitted). In evaluating the lawfulness of the stop, the totality of the circumstances must be taken into account. The detaining officers must have a particularized and objective basis for suspecting the person stopped of criminal activity. Thomas, 863 F.2d at 625 (citation omitted). The totality of circumstances should take into account inferences and deductions that may be apparent to trained law enforcement officials. United States v. Corral-Villavicencio, 753 F.2d 785, 789 (9th Cir.1985). Suspicion must exist at the time the officer initiates the stop. United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985).
 
 
 8
 The government contends that Officer Foxworth knew when responding that the report concerned a male, that it had something to do with a gun and that the man sought was in the lobby of the San Rafael Motel. Therefore, because Officer Foxworth saw Howard coming from the direction of the motel office, he had founded suspicion that Howard might be the armed man.
 
 
 9
 However, the government must demonstrate that the officer had an objective basis for suspecting the particular person stopped of criminal activity. On review, we agree with the district court that Officer Foxworth did not have a founded suspicion to make an investigatory stop of Howard, who only happened to be in the approximate area of the motel. Its findings were not clearly erroneous.
 
 III
 
 10
 Finally, the government contends in an argument raised for the first time on appeal, that Howard was not seized within the meaning of the Fourth Amendment. It was undisputed, however, at the hearing before the district court that a seizure (or investigatory stop) that required Fourth Amendment protection had occurred. It is well established that this court will not entertain issues never presented to the district court and which are raised for the first time on appeal. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3